ORIGINAL

1
THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
2
*A Professional Law Corporation*
2806 Van Ness Avenue
3
San Francisco, CA 94109
Telephone:    415/674-8600
4
Facsimile:    415/674-9900

ORIGINAL
FILED

5
Attorneys for Plaintiffs
IRMA RAMIREZ
6
and DISABILITY RIGHTS,
ENFORCEMENT, EDUCATION,
7
SERVICES: HELPING YOU
HELP OTHERS

JUL 3 1 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

8

9

UNITED STATES DISTRICT COURT

10

NORTHERN DISTRICT OF CALIFORNIA

MEJ

11

12
IRMA RAMIREZ, an individual; and
DISABILITY RIGHTS, ENFORCEMENT,
13
EDUCATION, SERVICES:HELPING YOU
HELP OTHERS, a California public benefit )
corporation,
14

CASE NO.
Civil Rights    C 07 3890

15
            Plaintiffs,

**COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES:**

16
v.

**1st CAUSE OF ACTION:** For Denial of Access
by a Public Accommodation in Violation of the
Americans with Disabilities Act of 1990 (42
U.S.C. §12101, *et seq.*)

17
FIRCREST MARKET INC. ; PATRICIA
JANE ENKEMA, TRUSTEE OF THE
18
ENKEMA TRUST,

**2nd CAUSE OF ACTION:** For Denial of Full
and Equal Access in Violation of California
Civil Code §§54, 54.1 and 54.3

19
            Defendants.

**3rd CAUSE OF ACTION:** For Denial of
Accessible Sanitary Facilities in Violation of
California Health & Safety Code §19955, *et seq.*

20

21

**4th CAUSE OF ACTION:** For Denial of
Access to Full and Equal Accommodations,
22
Advantages, Facilities, Privileges and/or
Services in Violation of California Civil Code
23
§51, *et seq.* (The Unruh Civil Rights Act)

24

25

**DEMAND FOR JURY**

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1 Plaintiffs IRMA RAMIREZ, an individual; and DISABILITY RIGHTS, ENFORCEMENT,

2 EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

3 corporation (hereinafter sometimes referred to as "DREES"), complain of defendants FIRCREST

4 MARKET INC. ; PATRICIA JANE ENKEMA, TRUSTEE OF THE ENKEMA TRUST and

5 allege as follows:

6 **INTRODUCTION:**

7     1.    This is a civil rights action for discrimination against persons with physical

8 disabilities, of which class plaintiff IRMA RAMIREZ and the membership of DREES are

9 members, for failure to remove architectural barriers structural in nature at defendants'

10 FIRCREST MARKET, a place of public accommodation, thereby discriminatorily denying

11 plaintiffs and the class of other similarly situated persons with physical disabilities access to, the

12 full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities,

13 services, and accommodations thereof.  Plaintiffs seek injunctive relief and damages pursuant to

14 the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code

15 §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

16     2.    Plaintiff IRMA RAMIREZ is a person with physical disabilities who, on or about

17 January 2, 2007, February 3, 2007, May 26, 2007 and June 25, 2007, was an invitee, guest,

18 patron, customer at defendants' FIRCREST MARKET, in the City of Sebastopol, California.  At

19 said time and place, defendants failed to provide proper legal access to the FIRCREST

20 MARKET, which is a "public accommodation" and/or a "public facility" including, but not

21 limited to signage, path of travel, parking men's restroom, women's restroom.  The denial of

22 access was in violation of both federal and California legal requirements, and plaintiff IRMA

23 RAMIREZ suffered violation of her civil rights to full and equal access, and was embarrassed

24 and humiliated.

25 **JURISDICTION AND VENUE:**

26     3.    **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C.

27 §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

28 Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

1  nucleus of operative facts and arising out of the same transactions, are also brought under parallel

2  California law, whose goals are closely tied with the ADA, including but not limited to violations

3  of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

4  *seq.*, including §19959; Title 24 California Building Standards Code.

5       4.  **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

6  founded on the facts that the real property which is the subject of this action is located at/near

7  998 Gravenstein Highway, in the City of Sebastopol, County of Sonoma, State of California, and

8  that plaintiffs' causes of action arose in this county.

9  **PARTIES:**

10       5.  Plaintiff IRMA RAMIREZ is a "physically handicapped person", a "physically

11  disabled person", and a "person with physical disabilities" (hereinafter the terms "physically

12  disabled", "physically handicapped" and "person with physical disabilities" are used

13  interchangeably, as these words have similar or identical common usage and legal meaning, but

14  the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

15  handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other

16  statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff

17  IRMA RAMIREZ is a "person with physical disabilities", as defined by all applicable California

18  and United States laws.  Plaintiff IRMA RAMIREZ suffers from Post-Polio syndrome.  Plaintiff

19  relies on crutches and/or a wheelchair as her ambulance travel about in public.   Consequently,

20  plaintiff IRMA RAMIREZ is a member of that portion of the public whose rights are protected

21  by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public

22  Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil

23  Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the

24  Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

25       6.  Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:

26  HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works

27  with persons with disabilities to empower them to be independent in American society.  DREES

28  accomplishes its goals and purposes through education on disability issues, enforcement of the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

rights of persons with disabilities, and the provision of services to persons with disabilities, the general public, public agencies and the private business sector.  DREES brings this action on behalf of its members, many of whom are persons with physical disabilities and whom have standing in their right to bring this action.

7.    That members of DREES, like plaintiff IRMA RAMIREZ, will or have been guests and invitees at the subject FIRCREST MARKET, and that the interests of plaintiff DREES in removing architectural barriers at the subject market advance the purposes of DREES to assure that all public accommodations, including the subject market, are accessible to independent use by mobility-impaired persons.  The relief sought by plaintiff DREES as alleged herein is purely statutory in nature.

8.    Defendants FIRCREST MARKET INC. ; PATRICIA JANE ENKEMA, TRUSTEE OF THE ENKEMA TRUST (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as FIRCREST MARKET, located at/near 998 Gravenstein Highway,  California, or of the building and/or buildings which constitute said public accommodation.

9.    At all times relevant to this complaint, defendants FIRCREST MARKET INC. ; PATRICIA JANE ENKEMA, TRUSTEE OF THE ENKEMA TRUST, own and operate in joint venture the subject FIRCREST MARKET as a public accommodation.  This business is open to the general public and conducts business therein.  The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

///
///
///
///
///
///

10.    At all times relevant to this complaint, defendants FIRCREST MARKET INC. ; PATRICIA JANE ENKEMA, TRUSTEE OF THE ENKEMA TRUST are jointly and severally responsible to identify and remove architectural barriers at the subject FIRCREST MARKET pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

§ 36.201    General

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

11.    The FIRCREST MARKET, is a grocery store, located at/near 998 Gravenstein Highway, Sebastopol, California.  The FIRCREST MARKET, its signage, path of travel, parking men's restroom, women's restroom, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions", each of which has subjected the FIRCREST MARKET and each of its facilities, its signage, path of travel, parking men's restroom and women's restroom to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

12.    At all times stated herein, plaintiff IRMA RAMIREZ was a member of DREES.

13.    At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the FIRCREST MARKET as being handicapped accessible and handicapped usable.

14.    On or about January 2, 2007, February 3, 2007, May 26, 2007 and June 25, 2007, plaintiff IRMA RAMIREZ was an invitee and guest at the subject FIRCREST MARKET, with her husband, Daren Heatherly, for purposes of grocery shopping.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5

15.    On or about January 2, 2007, plaintiff IRMA RAMIREZ drove into the parking lot and found that there was inadequate parking and parking signage in the parking lot. Plaintiff IRMA RAMIREZ had to use alternative parking. Plaintiff IRMA RAMIREZ also notice that the one parking stall designated for the disabled required a wheelchair user to roll in the vehicular path of travel. It was not van accessible.

16.    On or about January 2, 2007, plaintiff IRMA RAMIREZ while shopping, could not find an accessible check out aisle.

17.    On or about January 27, 2007, plaintiff IRMA RAMIREZ wrote the landlord and the tenant of the property about the access issues. Plaintiff IRMA RAMIREZ did not receive a response.

18.    On or about February 3, 2007, plaintiff IRMA RAMIREZ and her husband returned to FIRCREST MARKET. Plaintiff IRMA RAMIREZ and her husband encountered the same barriers that existed on January 2, 2007.

19.    On or about May 26, 2007, plaintiff IRMA RAMIREZ and her husband again, shopped at FIRCREST MARKET. Plaintiff IRMA RAMIREZ could not locate van accessible parking and was compelled to park diagonally over two (2) parking spaces to deploy their lift. There still was no proper signage.

20.    At said time and place, plaintiff IRMA RAMIREZ needed to use a restroom. The restroom was not accessible. Plaintiff IRMA RAMIREZ could not access the restroom.

21.    On or about June 25, 2007, plaintiff IRMA RAMIREZ and her husband returned to purchase Soy Rizo at FIRCREST. FIRCREST is one of only a few grocery stores, that stocks said product. Plaintiff IRMA RAMIREZ noted that no remedial measures had been undertaken. Plaintiff IRMA RAMIREZ still encountered inaccessible parking, lack of signage, lack of accessible restroom and lack of an accessible check out aisle.

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

22.     Therefore, at said times and place, plaintiff IRMA RAMIREZ, a person with a disability, encountered the following inaccessible elements of the subject FIRCREST MARKET which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

      a.    lack of directional signage to show accessible routes of travel i.e entrances;

      b.    lack of the requisite type and number of disabled parking stall(s);

      c.    lack of disabled van accessible parking stall(s);

      d.    lack of tow-a-way signage;

      e.    lack of a handicapped-accessible women's public restroom;

      f.    lack of a handicapped-accessible men's public restroom;

      g.    lack of an accessible check out aisle open at all times;

      h.    On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

23.     At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

24.     On or about January 27, 2007, defendant(s) were sent letters by or on behalf of plaintiff IRMA RAMIREZ advising of the existence of architectural barriers, requesting a response within two weeks and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances. Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein. Defendants' failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

25.     At all times stated herein, defendants, and each of them, were "negligent per se" in not removing architectural barriers determined by the Department of Justice to be considered a safety concern/safety hazard where it was readily achievable for said public accommodation to remove barriers. The barriers and those requirements for barrier removal are found in 28 CFR 36, and the building code to be followed is in appendix "A", referred to as "ADAAG". Therefore as

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  a legal result of defendants breach of duty to remove those barriers encountered by plaintiff,

2  plaintiff suffered bodily injury.

3      26.    As a legal result of defendants FIRCREST MARKET INC. ; PATRICIA JANE

4  ENKEMA, TRUSTEE OF THE ENKEMA TRUST's failure to act as a reasonable and prudent

5  public accommodation in identifying, removing or creating architectural barriers, policies,

6  practices and procedures that denied access to plaintiffs and other persons with disabilities,

7  plaintiffs suffered the damages as alleged herein.

8      27.    As a further legal result of the actions and failure to act of defendants, and as a

9  legal result of the failure to provide proper handicapped-accessible public facilities as set forth

10 herein, plaintiffs were denied her civil rights to full and equal access to public facilities. Plaintiff

11 IRMA RAMIREZ suffered a loss of his civil rights and her rights as a person with physical

12 disabilities to full and equal access to public facilities.  Further, plaintiff IRMA RAMIREZ

13 suffered physical discomfort, emotional distress, mental distress, mental suffering, mental

14 anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger,

15 disappointment and worry, expectedly and naturally associated with a person with physical

16 disabilities being denied access, all to his damages as prayed hereinafter in an amount within the

17 jurisdiction of this court.  No claim is being made for mental and emotional distress over and

18 above that usually associated with the discrimination and physical injuries claimed, and no expert

19 testimony regarding this usual mental and emotional distress will be presented at trial in support

20 of the claim for damages.

21     28.    Defendants', and each of their, failure to remove the architectural barriers

22 complained of herein created, at the time of plaintiff IRMA RAMIREZ's first visit to said public

23 accommodation, and continues to create continuous and repeated exposure to substantially the

24 same general harmful conditions which caused plaintiff IRMA RAMIREZ harm as stated herein.

25     29.    Plaintiff IRMA RAMIREZ and the membership of DREES were denied their

26 rights to equal access to a public facility by defendants FIRCREST MARKET INC. ; PATRICIA

27 JANE ENKEMA, TRUSTEE OF THE ENKEMA TRUST, because defendants FIRCREST

28 MARKET INC. ; PATRICIA JANE ENKEMA, TRUSTEE OF THE ENKEMA TRUST

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

1  maintained a supermarket without access for persons with physical disabilities to its facilities,

2  including but not limited to the signage, path of travel, parking men's restroom, women's

3  restroom, and other public areas as stated herein, and continue to the date of filing this complaint

4  to deny equal access to plaintiffs and other persons with physical disabilities in these and other

5  ways.

6  　　　　30.　　On information and belief, construction alterations carried out by defendants have

7  also triggered access requirements under both California law and the Americans with Disabilities

8  Act of 1990.

9  　　　　31.　　Plaintiffs, as described hereinbelow, seek injunctive relief to require the

10  FIRCREST MARKET  to be made accessible to meet the requirements of both California law

11  and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as

12  defendants operate the market as a public facility.  Plaintiffs seek damages for violation of their

13  civil rights on January 2, 2007, February 3, 2007, May 26, 2007 and June 25, 2007 and they seek

14  statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000

15  pursuant to Civil Code §54.3, for each day after his visit that plaintiff IRMA RAMIREZ was

16  deterred from returning to the market because of his knowledge and belief that the premises was

17  and remains inaccessible to persons with disabilities.

18  　　　　32.　　On information and belief, defendants have been negligent in their affirmative

19  duty to identify the architectural barriers complained of herein and negligent in the removal of

20  some or all of said barriers.

21  　　　　33.　　Because of defendants' violations, plaintiffs and other persons with physical

22  disabilities are unable to use public facilities such as those owned and operated by defendants on

23  a "full and equal" basis unless such facility is in compliance with the provisions of the

24  Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et*

25  *seq.* and other accessibility law as plead herein.  Plaintiffs seek an order from this court

26  compelling defendants to make the FIRCREST MARKET accessible to persons with disabilities.

27  　　　　34.　　On information and belief, defendants have intentionally undertaken to modify

28  and alter existing building(s), and have failed to make them comply with accessibility

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  requirements under the requirements of ADAAG and Title 24.  The acts and omission of

2  defendants, and each of them, in failing to provide the required accessible public facilities at

3  the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and

4  despicable conduct carried out by defendants, and each of them, with a willful and conscious

5  disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a

6  trembling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more

7  profound example of defendants, and each of them, to other operators of other grocery stores and

8  other public facilities, and to punish defendants and to carry out the purposes of  the Civil Code

9  §§ 51, 51.5 and 54.

10        35.    Plaintiffs are informed and believe and therefore allege that defendants

11  FIRCREST MARKET INC. ; PATRICIA JANE ENKEMA, TRUSTEE OF THE ENKEMA

12  TRUST, and each of them, caused the subject building(s) which constitute the FIRCREST

13  MARKET to be constructed, altered and maintained in such a manner that persons with physical

14  disabilities were denied full and equal access to, within and throughout said building(s) of the

15  market and were denied full and equal use of said public facilities.  Furthermore, on information

16  and belief, defendants have continued to maintain and operate said FIRCREST MARKET and/or

17  its building(s) in such conditions up to the present time, despite actual and constructive notice to

18  such defendants that the configuration of the market and/or its building(s) is in violation of the

19  civil rights of persons with physical disabilities, such as plaintiff IRMA RAMIREZ, the

20  membership of plaintiff DREES and the disability community which DREES serves.  Such

21  construction, modification, ownership, operation, maintenance and practices of such public

22  facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and

23  the ADA, 42 U.S.C. §12101, *et seq.*

24        36.    On personal knowledge, information and belief, the basis of defendants' actual

25  and constructive notice that the physical configuration of the facilities including, but not limited

26  to, architectural barriers constituting the FIRCREST MARKET and/or building(s) was in

27  violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but

28  is not limited to, communications with invitees and guests, plaintiff IRMA RAMIREZ herself,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

and owners of other businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information. Defendants' failure, under state and federal law, to make the FIRCREST MARKET accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiffs and other persons with physical disabilities to the market. Said defendants, and each of them, have continued such practices, in conscious disregard for the rights of plaintiffs and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon. Defendants had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendants and served concurrently with the summons and complaint. Said conduct, with knowledge of the effect it was and is having on plaintiffs and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of plaintiffs and of other similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

37. Plaintiff IRMA RAMIREZ and plaintiff DREES, on behalf of its membership and the disability community which it serves, consisting of persons with disabilities, would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

///

///

///

///

///

1

**I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC**
**ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

2

**DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq*.)**
(On behalf of Plaintiffs IRMA RAMIREZ and DISABILITY RIGHTS

3

ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
California public benefit corporation and Against Defendants FIRCREST MARKET

4

INC. ; PATRICIA JANE ENKEMA, TRUSTEE OF THE ENKEMA TRUST, inclusive)
(42 U.S.C. §12101, *et seq*.)

5

6

38.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

7

the allegations contained in paragraphs 1 through 37 of this complaint.

8

39.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

9

§12101 regarding persons with physical disabilities, finding that laws were needed to more fully

10

protect:

11

some 43 million Americans with one or more physical or mental
disabilities; [that] historically society has tended to isolate and

12

segregate individuals with disabilities; [that] such forms of
discrimination against individuals with disabilities continue to be a

13

serious and pervasive social problem; [that] the nation's proper
goals regarding individuals with disabilities are to assure equality

14

of opportunity, full participation, independent living and economic
self-sufficiency for such individuals; [and that] the continuing

15

existence of unfair and unnecessary discrimination and prejudice
denies people with disabilities the opportunity to compete on an

16

equal basis and to pursue those opportunities for which our free
society is justifiably famous.

17

40.     Congress stated as its purpose in passing the Americans with Disabilities Act of

18

1990 (42 U.S.C. §12102):

19

It is the purpose of this act (1) to provide a clear and
comprehensive national mandate for the elimination of

20

discrimination against individuals with disabilities; (2) to provide
clear, strong, consistent, enforceable standards addressing

21

discrimination against individuals with disabilities; (3) to ensure
that the Federal government plays a central role in enforcing the

22

standards established in this act on behalf of individuals with
disabilities; and (4) to invoke the sweep of Congressional

23

authority, including the power to enforce the 14th Amendment and
to regulate commerce, in order to address the major areas of

24

discrimination faced day to day by people with disabilities.

25

41.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336

26

(hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

27

Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq*.).  Among the public

28

accommodations identified for purposes of this title was:

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

(7)    PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -

2

...

3

4

E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment;

5

42 U.S.C. §12181(7)(E)

6

42.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated

7

against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

8

privileges, advantages, or accommodations of any place of public accommodation by any person

9

who owns, leases, or leases to, or operates a place of public accommodation".

10

43.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),

11

42 U.S.C. §12182(b)(2)(a) are:

12

(I)    the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

13

14

15

16

(ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

17

18

19

20

(iii)    a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

21

22

23

24

25

(iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

26

27

(v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

44.    The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of FIRCREST MARKET pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

45.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

46.    On information and belief, construction work on, and modifications of, the subject building(s) of FIRCREST MARKET occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

47.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs are about to be subjected to discrimination in violation of §302.  Plaintiffs are deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

48.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions".  Pursuant to this section, plaintiff IRMA RAMIREZ has not returned to defendants' premises since on or about June 25, 2007, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to access this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title".

49.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

2    **II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
     IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
3    (On Behalf of Plaintiffs IRMA RAMIREZ and DISABILITY RIGHTS,
     ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
4    California public benefit corporation, and Against Defendants FIRCREST MARKET
     INC. ; PATRICIA JANE ENKEMA, TRUSTEE OF THE ENKEMA TRUST, inclusive)
5    (California Civil Code §§54, 54.1, 54.3, *et seq.*)

6        50.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the

7    allegations contained in paragraphs 1 through 49 of this complaint.

8        51.    At all times relevant to this action, California Civil Code §54 has provided that

9    persons with physical disabilities are not to be discriminated against because of physical

10   handicap or disability.  This section provides that:

11          (a) Individuals with disabilities . . . have the same rights as
            the general public to full and free use of the streets, highways,
12          sidewalks, walkways, public buildings, medical facilities, including
            hospitals, clinics, and physicians' offices, and other public places.
13
         52.    California Civil Code §54.1 provides that persons with disabilities shall not be
14
     denied full and equal access to places of public accommodation or facilities:
15
            (a)(1) Individuals with disabilities shall be entitled to full
16          and equal access, as other members of the general public, to
            accommodations, advantages, facilities, medical facilities,
17          including hospitals, clinics, and physicians' offices, and privileges
            of all common carriers, airplanes, motor vehicles, railroad trains,
18          motorbuses, streetcars, boats, or any other public conveyances or
            modes of transportation (whether private, public, franchised,
19          licensed, contracted, or otherwise provided), telephone facilities,
            adoption agencies, private schools, hotels, lodging places, places of
20          public accommodation, amusement or resort, and other places to
            which the general public is invited, subject only to the conditions
21          and limitations established by law, or state or federal regulation,
            and applicable alike to all persons.
22
            Civil Code §54.1(a)(1)
23

24   ///

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

53. California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

54. Plaintiff IRMA RAMIREZ and the membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by §§54 and 54.1. Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of §§54 and 54.1. Plaintiffs have been and continue to be denied full and equal access to defendants' FIRCREST MARKET. As a legal result, plaintiffs are entitled to seek damages pursuant to California Civil Code §54.3(a) for each day on which they visited or have been deterred from visiting the market because of their knowledge and belief that the market is inaccessible to persons with disabilities. California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

55. On or about January 2, 2007, February 3, 2007, May 26, 2007 and June 25, 2007, plaintiff IRMA RAMIREZ suffered violations of §§54 and 54.1 of the Civil Code in that plaintiff IRMA RAMIREZ was denied access to signage, path of travel, parking men's restroom, women's restroom and other public facilities as stated herein at the FIRCREST MARKET and on the basis that plaintiff IRMA RAMIREZ was a person with physical disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

56.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3, and plaintiff IRMA RAMIREZ suffered physical discomfort, bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers).  Further, plaintiff IRMA RAMIREZ suffered emotional distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are persons or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

57.     Plaintiffs have been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or about January 2, 2007, February 3, 2007, May 26, 2007 and June 25, 2007, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

58.     As a result of defendants', and each of their, acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to the provisions of §54.3 and §55 of the Civil Code, plaintiffs therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  plaintiffs, but also to compel the defendants to make their facilities accessible to all members of

2  the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing

3  party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

4       Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

5  **III.**    **THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***

6  (On Behalf of Plaintiffs IRMA RAMIREZ and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a

7  California public benefit corporation and Against Defendants FIRCREST MARKET INC. ; PATRICIA JANE ENKEMA, TRUSTEE OF THE ENKEMA TRUST inclusive)

8  (Health & Safety Code §19955, *et seq.*)

9       59.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

10  the allegations contained in paragraphs 1 through 58 of this complaint.

11       60.    Health & Safety Code §19955 provides in pertinent part:

12          The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the

13  provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part

14  "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general

15  public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers.

16  When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be

17  made available for the handicapped.

18       61.    Health & Safety Code §19956, which appears in the same chapter as §19955,

19  provides in pertinent part, "accommodations constructed in this state shall conform to the

20  provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

21  Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

22  public accommodations constructed or altered after that date.  On information and belief,

23  portions of the FIRCREST MARKET and/or of the building(s) were constructed and/or altered

24  after July 1, 1970, and substantial portions of the market and/or the building(s) had alterations,

25  structural repairs, and/or additions made to such public accommodations after July 1, 1970,

26  thereby requiring said FIRCREST MARKET and/or building to be subject to the requirements of

27  Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or

28  additions per Health & Safety Code §19959.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

62.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of FIRCREST MARKET and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

63.    Markets such as the FIRCREST MARKET are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

64.    As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to public facilities.

65.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiffs' own interests and in order to enforce an important right affecting the public interest. Plaintiffs, therefore, seek in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5. Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3(a)).  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

66.    Plaintiffs seek injunctive relief for an order compelling defendants, and each of them, to make the subject place of public accommodation readily accessible to and usable by persons with disabilities.

Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

**IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs IRMA RAMIREZ and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants FIRCREST MARKET INC. ; PATRICIA JANE ENKEMA, TRUSTEE OF THE ENKEMA TRUST inclusive)
(Civil Code §51, 51.5)

67.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 66 of this complaint.

68.    Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in

any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

69. The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

70. Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Law 101-336) shall also constitute a violation of this section".  Plaintiffs accordingly incorporate

the entirety of their above cause of action for violation of the Americans with Disabilities Act at

§38, *et seq*., as if repled herein.

71.    As a legal result of the violation of plaintiff IRMA RAMIREZ's  civil rights as

hereinabove described, plaintiff IRMA RAMIREZ has suffered general damages, bodily injury

(including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or

transferring up, on, down, to, over, around and through architectural barriers.  Further, plaintiff

IRMA RAMIREZ suffered emotional distress (all to plaintiff's damage according to proof, and

incurred reasonable attorneys' fees and costs)  Plaintiffs IRMA RAMIREZ and DREES are

entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual

damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as

to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to

be the prevailing party.

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
    PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
    DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
    (On Behalf of Plaintiffs IRMA RAMIREZ and DISABILITY RIGHTS
    ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a
    California public benefit corporation, and Against Defendants FIRCREST MARKET
    INC. ; PATRICIA JANE ENKEMA, TRUSTEE OF THE ENKEMA TRUST, inclusive)
    (42 U.S.C. §12101, *et seq.*)

1.    For injunctive relief, compelling defendants FIRCREST MARKET INC. ;

PATRICIA JANE ENKEMA, TRUSTEE OF THE ENKEMA TRUST, inclusive, to make the

FIRCREST MARKET, located at 998 Gravenstein Highway, Sebastopol, California, readily

accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq*., and to

make reasonable modifications in policies, practice, eligibility criteria and procedures so as to

afford full access to the goods, services, facilities, privileges, advantages and accommodations

being offered.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2.      For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.      For such other and further relief as the court may deem proper.

**II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiffs IRMA RAMIREZ and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants FIRCREST MARKET INC. ; PATRICIA JANE ENKEMA, TRUSTEE OF THE ENKEMA TRUST, inclusive) (California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.      For injunctive relief, compelling defendants FIRCREST MARKET INC. ; PATRICIA JANE ENKEMA, TRUSTEE OF THE ENKEMA TRUST, inclusive, to make the FIRCREST MARKET, located at 998 Gravenstein Highway, Sebastopol, California, readily accessible to and usable by individuals with disabilities, per state law.

2.      Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

3.      Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.      Treble damages pursuant to Civil Code §54.3;

5.      For all costs of suit;

6.      Prejudgment interest pursuant to Civil Code §3291;

7.      Such other and further relief as the court may deem just and proper.

**III.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiff IRMA RAMIREZ, and Against Defendants FIRCREST MARKET INC. ; PATRICIA JANE ENKEMA, TRUSTEE OF THE ENKEMA TRUST, inclusive), (California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.      General and compensatory damages according to proof.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**IV.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs IRMA RAMIREZ and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants FIRCREST MARKET INC. ; PATRICIA JANE ENKEMA, TRUSTEE OF THE ENKEMA TRUST, inclusive) (Health & Safety code §19955, *et seq.*)

1.    For injunctive relief, compelling defendants FIRCREST MARKET INC. ; PATRICIA JANE ENKEMA, TRUSTEE OF THE ENKEMA TRUST, inclusive, to make the FIRCREST MARKET, located at 998 Gravenstein Highway, Sebastopol, California, readily accessible to and usable by individuals with disabilities, per state law.

2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3.    For all costs of suit;

4.    For prejudgment interest pursuant to Civil Code §3291;

5.    Such other and further relief as the court may deem just and proper.

**V.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs IRMA RAMIREZ and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants FIRCREST MARKET INC. ; PATRICIA JANE ENKEMA, TRUSTEE OF THE ENKEMA TRUST, inclusive) (California Civil Code §§51, 51.5, *et seq.*)

1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.    Treble damages pursuant to Civil Code §52(a);

4.    For all costs of suit;

5.    Prejudgment interest pursuant to Civil Code §3291; and

6.    Such other and further relief as the court may deem just and proper.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

VI.  **PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff IRMA RAMIREZ, and Against Defendants FIRCREST MARKET INC. ; PATRICIA JANE ENKEMA, TRUSTEE OF THE ENKEMA TRUST, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.  General and compensatory damages to plaintiff IRMA RAMIREZ according to proof.

Dated: 7/11/07 , 2007      THOMAS E. FRANKOVICH
*A PROFESSIONAL LAW CORPORATION*

By: THOMAS E. FRANKOVICH
Attorneys for Plaintiffs IRMA RAMIREZ and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: 7/11/07 , 2007      THOMAS E. FRANKOVICH
*A PROFESSIONAL LAW CORPORATION*

By: THOMAS E. FRANKOVICH
Attorneys for Plaintiffs IRMA RAMIREZ and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

26

# EXHIBIT A

Irma Ramirez
734 Morton Way
Santa Rosa, CA 95404

January 27, 2007

Manager
FirCrest Market
998 Grevenstein Hwy
So. Sebastopol, CA 95472

Dear Manager of FirCrest Market:

Recently, my husband and I were at the FirCrest Market. We were out antiquing and needed a few things. As we both use wheelchairs we ran into some problems.

There's lots of parking but the only Handicap Parking stall is not near the entrance and the access aisle for van use isn't right. We were also unable to find an accessible register when we were checking out. These situations make it hard for wheelchair users to come and shop.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to FirCrest Market once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center. You can write to them at Pacific Disability and Business Technical Assistance Center, 555 12th Street, Suite 1030, Oakland, CA 94607-4046. You can also get ADA Materials from Department of Justice ADA Regulations and Technical Assistance Materials. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.

You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

*Irma Ramirez*

Irma Ramirez
734 Morton Way
Santa Rosa, CA 95404

January 27, 2007

Owner
FirCrest Market
998 Grevenstein Hwy
So. Sebastopol, CA 95472

Dear Owner of Building for FirCrest Market:

Recently, my husband and I were at the FirCrest Market. We were out antiquing and needed a few things. As we both use wheelchairs we ran into some problems.

There's lots of parking but the only Handicap Parking stall is not near the entrance and the access aisle for van use isn't right. We were also unable to find an accessible register when we were checking out. These situations make it hard for wheelchair users to come and shop.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to FirCrest Market once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center. You can write to them at Pacific Disability and Business Technical Assistance Center, 555 12th Street, Suite 1030, Oakland, CA 94607-4046. You can also get ADA Materials from Department of Justice ADA Regulations and Technical Assistance Materials. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.

You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

*Irma Ramirez*